## UNITED STATES v. GRIMM.

### (Circuit Court, E. D. Missouri, E. D.   March 31, 1891.)

1. POST-OFFICE—OBSCENE PICTURES—INDICTMENT.
    The offense of mailing a letter containing information where or how obscene pictures, etc., may be procured, created by Rev. St. U. S. § 3893, is complete when the letter is deposited, and an indictment therefor is not insufficient because it fails to allege that the letter actually conveyed the information to a particular person or persons.

2. SAME.
    Though an indictment under Rev. St. U. S. § 3893, charging the mailing of a letter containing information concerning obscene pictures, would be sufficient if it followed the language of the statute, yet if it goes further, and sets out the language of the letters, which do not on their face purport to convey such information, without also setting out the other extrinsic facts upon which the government relies, the allegations are repugnant, and an objection on the ground of uncertainty will be sustained.

At Law.

The clause of section 3893, as amended September 26, 1888, under which the indictment was framed, is in substance as follows:

"Every written or printed card, letter,  *  *  *  or notice of any kind, giving information, directly or indirectly, where or how, of whom, or by what means 'an "obscene, lewd, or lascivious book  *  *  *  or picture, *  *  *  may be obtained or made,  *  *  *  are hereby declared non-mailable matter, and shall not be conveyed in the mails;" and any person "who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be non-mailable matter,  *  *  *  shall for each and every offense be fined," etc.

The first count of the indictment was as follows:

"The grand jurors of the United States  *  *  *  upon their oaths present that one William Grimm, late of said division of said district, heretofore, to-wit, on the 23d day of the month of July, in the year of our Lord eighteen hundred and ninety, did then and there unlawfully, feloniously, and knowingly deposit, and cause to be deposited, in the post-office of the United States at St. Louis, Missouri, for mailing and delivery, a written and printed letter and notice, giving information, directly and indirectly, to one Robert W. McAfee, where, how, and of whom, and by what means, obscene, lewd, and lascivious pictures, papers, and prints, of an indecent character, and intended for and adapted for an indecent and immoral use, might be obtained, which said letter and notice was then and there non-mailable matter, and was then and there contained in an envelope and wrapper, bearing and having thereon the address and superscription following, to-wit, 'Mr. Herman Huntress, care of Bates House, Indianapolis, Ind.,' and which said letter and notice is of the following

tenor: 'Wm. Grimm, Potograph and Art Studio, N. E. Cor. of Jefferson avenue and Olive street. St. Louis, July 22, 1890. *Mr. Huntress, Richmond—* Dear Sir: I received your letter this morning. I will let you have them for $2.00 per doz, & $12.50 per 100. I have about 200 negatives of actresses. Respectfully, Wm. Grimm,'—contrary to the form of the statutes of the United States in such case made and provided, and against its peace and dignity."

The second count related to the same transaction, and was in all respects like the first, except it omitted the words "to one Robert W. McAfee," and did not aver to whom the information about obscene pictures was given.

The third and fourth counts were like the first and second, respectively, but they related to another letter of the same import as that set out in the first count, which was deposited in the mail and addressed to "Wm. Waters, care W. S. Campbell & Co., Clarksville, Texas."

*Geo. D. Reynolds*, U. S. Dist. Atty.

*L. A. Steber*, for defendant.

Thayer, J., (*after stating the facts as above.*) The defendant has made four objections to the indictment, but they may be reduced to two:

*First.* In the first place, it is claimed that the second and fourth counts are bad, because they do not allege the giving of the prohibited information "to any particular person or persons." This objection I think is not tenable. The offense consists in depositing in the mail a letter or notice containing information of a certain sort, to-wit, information where or how obscene pictures, etc., may be procured. The offense is evidently complete when a letter or notice giving the prohibited information is deposited in the mail, duly addressed to a certain person. It is immaterial whether the information contained in the letter ever reaches the person addressed. If it was intended to reach him, and the letter was deposited with such intent, and it contains the prohibited information, all of the elements of the offense are present. I can conceive of no good reason why the pleader should be compelled to allege that the letter conveyed the information to a particular person or persons, when it is not essential to prove that fact on the trial. It seems to me quite sufficient to allege, as is done in the second and fourth counts, that the defendant knowingly deposited in a given post-office for mailing a letter giving such information as the statute prohibits, and that the letter was addressed to a certain person, giving his name and address. It must be conclusively presumed from the fact that a letter containing the information was knowingly deposited in a given post-office, duly addressed to a certain person, that the sender intended to impart the information which the letter contains to the party addressed.

*Second.* In the second place the defendant objects generally to all the counts, because they are "vague, indefinite, and uncertain." The force of this objection lies in the fact that while the several counts allege that the letters gave information "where, how, and of whom" obscene pictures might be obtained, yet the counts also set out *in hæc verba* the several letters, and they do not on their face appear to convey the objectionable

information attributed to them. When one part of an indictment alleges that a document gives or contains certain information, and the document is then set out in full, and nothing therein shows that it conveys the information averred, there is certainly great force in the objection that such an indictment is too uncertain to be upheld. Now it is true that the allegations of this indictment are not absolutely repugnant. While the letters on their face do not purport to convey any information concerning obscene pictures, it may possibly be shown by extrinsic evidence that they do convey such information; that they were written in answer to letters making inquiries where such pictures could be obtained. But it is not necessary that the allegations of an indictment should be absolutely repugnant to render it bad. It is sufficient to render it vulnerable on demurrer that the averments are so far inconsistent as to make it uncertain, from an inspection of the bill, whether an offense has or has not been committed. It appears to the court that the averments of this indictment are to that extent contradictory and uncertain.

It was suggested in argument that an indictment drawn under section 3893 in the language of the statute is valid, and that it was wholly unnecessary to set out the letters in full, as was done by the pleader. It is unnecessary to decide, however, whether the same rule applies to an indictment like the present for giving information through the mail, where obscene books or pictures can be obtained, that applies to an indictment for depositing obscene books, papers, or letters in the mail. It is well settled that in cases of the latter kind the obscene publication complained of need not be set out in full. Words of general description will suffice. *U. S.* v. *Foote*, 13 Blatchf. 418; *U. S.* v. *Clarke*, 38 Fed. Rep. 500. The difficulty in the present case is that the pleader did not content himself with declaring in the general language of the statute, even if that would have sufficed. He has set out the letters in full, and thereby thrown discredit on the allegation that they give information where obscene pictures can be obtained. If it was deemed essential to set out the letters in full, then, as they do not on their face purport to give information such as the statute prohibits, the pleader should have set out the other extrinsic facts upon which the government relies, to show that they conveyed information denounced by the statute. Such seems to have been the mode of pleading adopted in *U. S.* v. *Whittier*, 5 Dill. 35, and I think it is correct.

The demurrer will be sustained.