UNITED STATES v. KLINE.

(District Court, E. D. Pennsylvania. January 8, 1913.)

No. 8.

1. POST OFFICE (§ 48*)—"MISUSE OF MAILS"—INFORMATION WITH REFERENCE TO ABORTION—INDICTMENT.

Cr. Code, § 211 (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]), prohibits the mailing of a letter giving information directly or indirectly where or by whom an operation to produce an abortion will be done or performed, etc. An indictment charged that defendant, a physician, having received a letter from H. stating that a young lady had become pregnant and requesting to know by return mail whether defendant could relieve her and as to defendant's charges, did pursuant to such request deposit in the mail, addressed to H., a letter entitled "Hernia," and, after acknowledging receipt of H.'s communication, advised that he see the defendant any day during the current week "concerning your rupture" and talk the matter over, alleging that defendant then and there well knew that the letter contained information where and by whom an act or operation for the procuring of an abortion would be done and performed. *Held*, that the indictment stated an offense under the statute with sufficient certainty to withstand a demurrer.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 66–80; Dec. Dig. § 48.*]

2. POST OFFICE (§ 49*)—"MISUSE OF MAILS"—EVIDENCE—MATERIALITY.

In a prosecution of a physician for depositing in the mail a letter informing H. how he could have an abortion performed, evidence as to a conversation between defendant and H., when he called at defendant's office pursuant to the letter, in which defendant, after inquiring the age, condition, and residence of the female, agreed to perform the operation for $75 and the board of the girl in a private family, where defendant insisted she should go, and enjoining that the girl must not talk, because if she did she would likely get all the parties into trouble, was admissible.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec. Dig. § 49.*

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

---

*For other cases see same topic & § NUMBER ·n Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. CRIMINAL LAW (§ 369*)—EVIDENCE—OTHER OFFENSES—INTENT.**

In a prosecution of a physician for depositing in the mail a letter which on its face related to "Hernia," but which the government claimed related to abortion and was intended to inform the addressee where he could get an abortion performed on an unnamed female, evidence that in a conversation between defendant and the addressee, induced by receipt of the letter which related entirely to the performance of an abortion, defendant in enjoining secrecy asked the addressee whether he had seen a published report concerning trouble which defendant had previously had in L. county relating to an incident in which he had been brought into publicity by a young woman talking about having been in his office in relation to an operation, was admissible to show guilty knowledge and intent.

[Ed. Note.—For other cases, see Criminal Law, Cent, Dig. §§ 822–824; Dec. Dig. § 369.*

Evidence in criminal prosecutions of other acts and offenses to show knowledge, see note to Lobosco v. United States, 106 C. C. A. 479.]

D. Frank Kline was convicted of mailing a letter giving information where and by whom an abortion would be performed and how and by what means it might be produced, in violation of Cr. Code, § 211. On motion for a new trial, denied.

Walter C. Douglas, Jr., Asst. U. S. Atty., and John C. Swartley, U. S. Atty., both of Philadelphia, Pa.

T. Walter Gilkyson, of Philadelphia, Pa., and John E. Malone, of Lancaster, Pa., for defendant.

THOMPSON, District Judge. The defendant was indicted and convicted under section 211 of the Criminal Code of March 4, 1909, upon the charge of depositing in the mail a letter giving information directly or indirectly where or by whom any act for the procuring or producing of abortion would be done or performed or how or by what means abortion might be produced.

The act declares unmailable:

"Every * * * letter * * * giving information directly or indirectly * * * where or by whom any act or operation of any kind for the procuring or producing of abortion will be done or performed, or how or by what means conception may be prevented or abortion produced."

And provides that:

"Whoever shall knowingly deposit, or cause to be deposited for mailing or delivery, anything declared by this section to be nonmailable * * * shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both."

[1] The first count of the indictment charges that the defendant, having received the following letter addressed to him:

"Palmyra, Pa., Aug. 22, 1912.

"Dr. D. Frank Kline, 121 E. King St., Lancaster, Pa.—Dear Sir: Your name was given me by a party who informed me you could no doubt help me out of my trouble. I have been calling on a young lady in Lancaster Co. and on account of our indiscretion she has become pregnant. Of course we must get rid of this in some way and I would appreciate it if you would let me

know by return mail whether you could relieve her of her condition and what your charges would be. Please let me hear from you by return mail and oblige,        ⁻Yours truly,                    A. R. Henry,
                                                                    "Palmyra, Pa.

"Please use plain envelope."

—did, in pursuance of the request contained in and in reply to the letter, deposit in the mail a letter giving information where and by whom a certain act and operation for the procuring and producing of abortion would be done and performed, which said letter was as follows:

                         "D. Frank Kline, M. D.,
                         "121–123 East King St.,
                         "Lancaster, Pa.
"Hernia.                          Medical and Surgical Consultations.

"A. R. Henry—Dear Sir: Yours received, and I advise that you see me any day this week concerning your rupture and talk the matter over. You will avoid Thursday as I might not be at home.
        "Yours truly,                          D. Frank Kline, M. D.
"Aug. 24, 1912."

And alleges that the defendant then and there well knew that the letter contained information where and by whom an act and operation for the procuring and producing of abortion would be done and performed.

The second count charges that having received the above letter of August 22, 1912, the defendant did, in pursuance of the request contained in and in reply to the letter, deposit in the mail the above letter of August 24, 1912, then and there giving information directly and indirectly how and by what means abortion might be produced, and concludes with an allegation that the defendant then and there well knew that the letter contained information as to how and by what means abortion might be produced.

Counsel for the defendant moves in arrest of judgment upon the ground that the indictment does not state facts sufficient to constitute an offense under the statute, in that the letter deposited in the mail by the defendant gives no information either directly or indirectly as to where or by whom the act or operation would be done or performed, nor how or by what means abortion might be produced, nor does it refer to the subject-matter of the letter to the defendant from A. R. Henry, but, on the contrary, refers to an entirely distinct subject, to wit, rupture, and can in no wise be construed as giving any information causing it to be nonmailable. At the argument defendant's counsel relied upon the case of United States v. Grimm (C. C.) 45 Fed. 558, in which it was held that, upon an indictment charging the mailing of a letter giving information where, how, or of whom and by what means obscene pictures might be obtained, the indictment was not sufficient where the letters set out did not contain anything to show that the letter charged to be nonmailable conveyed the information averred, and upon the case of United States v. Pupke (D. C.) 133 Fed. 243, where it was held that an indictment for depositing in the mail a letter giving information where, how, and of whom and by what means an article or thing designed and intended for the prevention of conception might be obtained, was insufficient in that the ar-

ticle or thing designed for the prevention of conception was not described in the indictment. The cases relied upon are, in my opinion, in no wise analogous to the present case. The letter addressed to the defendant, which is set out in the indictment, is perfectly clear in its terms as to what information is desired, and the letter deposited by the defendant, which is alleged to be in pursuance of the request contained in the letter to him and in reply thereto and with his knowledge that it gave the information desired, considered in connection with the letter received by him and the allegations in the indictment, is sufficient, in my opinion, to sustain a charge of the offense prohibited by the statute of giving the prohibited information "directly or indirectly."

The case at bar is ruled by the case of Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550. In that case the indictment (apparently drawn to meet the views of the Circuit Court in United States v. Grimm [C. C.] 45 Fed. 558) was under section 3893, Revised Statutes, as amended, which, further amended, has been incorporated into section 211 of the Criminal Code. The indictment set out that the defendant received a letter referring to some photographs and requesting information as to kind that could be obtained and price, and that he had in his possession obscene pictures, and, intending to give information of the character prohibited by the statute, wrote the following letter:

"Wm. Grimm, Photograph and Art Studio, N. E. cor. of Jefferson Avenue and Olive Street.

"St. Louis, July 22, 1890.

"Mr. Huntress, Richmond—Dear Sir: I received your letter this morning. I will let you have them for $2.00 per doz. & $12.50 per 100. I have about 200 negatives of actresses.

"Respectfully, Wm. Grimm."

Mr. Justice Brewer in his opinion said:

"The sufficiency of the indictment is the first question presented. It is insisted that the possession of obscene, lewd, or lascivious pictures constitutes no offense under the statute. This is undoubtedly true, and no conviction was sought for the mere possession of such pictures. The gravamen of the complaint is that the defendant wrongfully used the mails for transmitting information to others of the place where such pictures could be obtained, and the allegation of possession is merely the statement of a fact tending to interpret the letter which he wrote and placed in the post office.

"It is said that the letter is not in itself obscene, lewd, or lascivious. This also may be conceded. But however innocent on its face it may appear, if it conveyed, and was intended to convey, information in respect to the place or person where, or of whom, such objectionable matters could be obtained, it is within the statute."

As to the contention that the indictment is insufficient in that it does not set out the offense with certainty, the established rule of criminal pleading is well stated in the opinion of the court in Peters v. United States, 94 Fed. on page 131, 36 C. C. A. on page 109, cited in the government's brief, as follows:

"The true test of the sufficiency of an indictment is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprised the defendant of what he must be prepared to meet; and, in case any other proceedings are

taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. U. S. v. Simmons, 96 U. S. 362 [24 L. Ed. 819]; U. S. v. Carll, 105 U. S. 612 [26 L. Ed. 1135]; U. S. v. Hess, 124 U. S. 483, 8 Sup. Ct. 571 [31 L. Ed. 516]; Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542 [37 L. Ed. 419]; Potter v. U. S., 155 U. S. 438, 15 Sup. Ct. 144 [39 L. Ed. 214]; Evans v. U. S., 153 U. S. 584, 587, 588, 14 Sup. Ct. 934, 939 [38 L. Ed. 830]; Batchelor v. U. S., 156 U. S. 426, 15 Sup. Ct. 446 [39 L. Ed. 478]; Cochran v. U. S., 157 U. S. 286, 290, 15 Sup. Ct. 628 [39 L. Ed. 704.]"

I think the indictment in this case fully meets the requirements of sufficiency and certainty, and the motion in arrest of judgment is denied.

[2] The third and fourth reasons in support of the motion for new trial relate to the alleged error of the court in the admission of evidence on the part of the government's witness as to a conversation with the defendant in his office when the witness called there after the mailing by the defendant of the letter. The conversation referred to was in relation to the proposed operation, and the evidence was offered by the government to show the intent of the defendant in sending the letter. The testimony was to the effect that the defendant, after inquiring as to the age of the girl, her condition, and her residence, agreed that she go to Lancaster, where she would be treated by the defendant, who would take care of her and keep her in a private family until she was cured. It was further testified that the defendant enjoined that the girl must not talk, because if she did she would be likely to get all the parties concerned into trouble, and that he had had some trouble on account of a girl talking. It was testified that the defendant stated that his price would be $75 for the operation and the board of the girl while in Lancaster.

[3] The fifth reason is that the court permitted the witness upon re-examination to testify to a conversation in relation to a girl who had called at his office. The testimony adduced upon re-examination was to the effect that the defendant had asked the witness whether he had seen a published report about some trouble which the defendant had been in in Lancaster county and related an incident in which the defendant had been brought into publicity by reason of a young woman talking about having been at his office in relation to an operation.

I think all of the testimony of the witness as to the conversation with the defendant was relevant and admissible on the part of the government to show the intent of the defendant in mailing the letter. Counsel for the defendant, however, contended as to the conversation brought out on re-examination that it tended to show the connection of the defendant with another offense, and therefore was not admissible. The statements of the defendant as to the publicity caused by the visit described and the mentioning of his name by the girl afterwards were made by him for the purpose of showing the necessity of secrecy upon the part of the witness and the girl, who was the subject-matter of the correspondence. It was certainly relevant and material in showing the guilty knowledge and intent of the defendant in mailing the letter to prove that he enjoined secrecy, and as part of the conversation in relation to secrecy the reasons therefor were material and relevant. The burden was upon the government to show that the

letter, which upon its face standing alone related to a rupture, was in fact intended by the defendant and known by him to give information of the prohibited character.

Inasmuch as intent is a mental condition, it must ordinarily be implied from the acts and language of the person whose intent is in question. Therefore his statements and declarations either before or after the commission of the offense, from which, in connection with other evidence, an inference of guilt may be drawn, are admissible against him. United States v. Larkin, 26 Fed. Cas. No. 15,561; United States v. Lumsden, 26 Fed. Cas. No. 15,641.

Any fact which proves or tends to prove the particular intent is competent, and cannot be excluded because it incidentally proves an independent crime. United States v. Kenney (C. C.) 90 Fed. 257; Spurr v. United States, 87 Fed. 701, 31 C. C. A. 202; United States v. Watson (D. C.) 35 Fed. 359.

The declarations of the defendant upon the matter in question did not go so far as to constitute evidence of another offense, but, as the reasons alleged by him for enjoining secrecy, were admissible to show guilty knowledge and intent.

The seventh reason is based upon a part of the charge in which the jury were instructed that they might take into consideration the conversation in connection with the letter. For the reasons stated above for the admission of the conversation, I can see no error in these instructions.

The first reason, that the verdict was against the evidence; the second, that it was against the weight of the evidence; and the sixth, that the court erred in not giving binding instructions—are, in my opinion, based upon untenable grounds.

The motion for new trial is denied.