## ELEY v. UNITED STATES.
### No. 8570.

Circuit Court of Appeals, Sixth Circuit.
Feb. 4, 1941.

David A. Myers, of Greensburg, Ind., and M. V. Skinner, of Portland, Ind., (David A. Myers, of Greensburg, Ind., M. V. Skinner, of Portland, Ind., Ernestine Breisch, of Dayton, Ohio, and Paul Smith, of Muncie, Ind., on the brief), for appellant.

Calvin Crawford, of Dayton, Ohio (Calvin Crawford, U. S. Atty., of Dayton, Ohio, and Vern H. Wilson and Robert E. Marshall, Asst. U. S. Attys., both of Cincinnati, Ohio, on the brief), for the United States.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The appellant is aggrieved at his conviction and sentence under two counts of an indictment, the first of which charged him with engaging in an unlawful conspiracy to violate §§ 3253, 3321, 2803(a), Title 26 U.S.C.A. Int.Rev.Code, by the unlawful sale of distilled spirits upon which the tax had not been paid, with the intent to defraud the United States of such tax, and the second charging him with the substantive offenses of unlawful possession, sale, and transfer of distilled spirits in containers not having affixed thereto the stamps evidencing payment of Internal Revenue taxes, in violation of § 2802.

The principal errors assigned in the conduct of the trial, relate to the insufficiency of the proof that the appellant participated with his codefendants in the conspiracy charged in the indictment; the assuming of jurisdiction by the court over substantive offenses in Ohio, based upon unlawful acts committed in Indiana, and the admission in rebuttal of proof of appellant's good reputation for truth and veracity, of evidence showing specific law violations not charged in the indictment and not related to the offenses charged in time, character, or circumstance.

The indictment was returned on November 22, 1939, charging the defendant and 25 others with conspiracy and the commission of substantive offenses. But two of the twenty-eight overt acts, alleged to be in furtherance of the conspiracy, were participated in by the appellant. The indictment placed the inception of the conspiracy as of the 28th of October, 1938, and alleged its continuance to the date of the return. The evidence supporting the government's charge came mainly from one Ernest Dozier, a confessed fellow conspirator who testified to several deals with the appellant for the purchase of untaxed liquor between December, 1938, and April, 1939, and to two payments made therefor in quantities as high as nine 5-gallon cans. This evidence was corroborated by another witness who accompanied Dozier on a trip to the appellant's place of business in Muncie, Indiana, and by evidence of a telephone conversation be-

tween the appellant and still another co-conspirator at Springfield, Ohio.

It is urged upon us that the proofs show not a single conspiracy among all of the defendants, but a number of separate and unrelated conspiracies, and that the mere sale of untaxed spirits in Indiana to one of the Ohio conspirators is insufficient to show that the appellant entered into any agreement or confederation with any of his codefendants to defraud the government of taxes. We do not agree. The evidence is substantial that Eley was engaged in the sale of illicit liquors in such quantities as permitted an inference by the jury that there was an understanding and concert of action between him and distributors or retail sellers thereof. Rudner v. United States, 6 Cir., 281 F. 516, 520. It is unimportant whether the appellant knew all of his fellow conspirators, or the extent of the conspiracy. Jezewski v. United States, 6 Cir., 13 F.2d 599. It is sufficient if the evidence shows such facts and circumstances from which the natural inference arises that the overt acts were in furtherance of a common design, intent and purpose. Davidson v. United States, 6 Cir., 274 F. 285; Allen v. United States, 7 Cir., 4 F.2d 688.

It is true that none of the acts of the appellant, either in furtherance of the object of the conspiracy or in making sales, was committed in Ohio or within the district of the adjudication. The proof, however, is clear that the liquor purchased from Eley was distributed and sold in the Southern District of Ohio, and that Eley aided and abetted Dozier's illegal possession and sale of it in that district. He therefore occupied the status of a principal. Section 550, Title 18 U.S.C.A. It is a well-recognized rule that where a statute provides that an accessory may be prosecuted and convicted as for a substantive felony, the crime is cognizable in any court having jurisdiction of the principal. Hoss v. United States, 8 Cir., 232 F. 328, 335; Keliher v. United States, 1 Cir., 193 F. 8. Dozier was a codefendant within the jurisdiction of the court and had pleaded guilty to both counts of the indictment.

We would have no difficulty in sustaining the judgment, except for the admission in evidence of proofs of unrelated law violations in the effort of the government to destroy the effect of testimony tending to show the good reputation borne by the appellant since his first conviction for liquor violation in 1930. The appellant did not himself give evidence, but five reputable witnesses were produced who, on his behalf, testified that his general reputation for honesty and integrity in the community in which he resided during the years 1938 and 1939, was good. Upon cross-examination they were found either to be unfamiliar with his subsequent convictions, or certain that such convictions did not impair his reputation. In rebuttal and over appellant's objection, the government produced evidence of two convictions for violation of liquor laws, state and federal, in 1930, and another in 1936. Other witnesses testified that they had purchased illicit liquor from Eley on several occasions in 1939, and a former police officer was permitted to say that Eley had requested him to make out a false stolen car report in 1938, giving rise to an implication that he intended to defraud an underwriter by a false claim.

It is a rule long settled by both state and federal decisions that proof of good reputation for particular traits of character may be met only by proof of reputation that such characteristics are not possessed, and is not to be traversed by a showing of specific acts which might denote bad character if established, or create a bad reputation if within general public knowledge. Reuben v. United States, 7 Cir., 86 F.2d 464. The permissible limits of impeachment are fully discussed in 2, Wigmore on Evidence, § 988, 2d Ed. Detailed citation appears unnecessary.

The admission of evidence of convictions unrelated in time or of specific acts was error. It may not be justified by the rule applicable to cases where guilty knowledge or intent is an essential element of the crime charged so that acts similar in character and related in time may aid in disclosure of intention. Convictions in 1930 can have no possible bearing upon alleged law violations in 1938, and accusations of specific law violations in 1938, with which the appellant is not charged, and of which he does not stand convicted, must be excluded on the often asserted ground that while an accused must be prepared to meet an attack upon his character as evidenced by his reputation, he cannot fairly be required, without notice, to defend against every possible aspersion which may be made against him. Nor can proof of an unlawful act, wholly unrelated to the crime charged, be considered admissible on any ground. The cases cited by the government, wherein defendants have testified and, upon a proper foun-

dation being laid, have thereafter been impeached by evidence that challenges their credibility, are not at all in point.

We are unable to follow the reasoning of the court which led it to admit the challenged evidence not to establish specific acts but for the limited purpose of showing the general reputation of the defendant. There was no proof that the prior convictions and the subsequent unlawful acts of the appellant were known to the community, or that they in any wise impaired the reputation of the appellant as a man of honesty and integrity. Nor was the door opened to the inadmissible evidence by the introductory statement of counsel that the appellant had led an exemplary life since his conviction in 1930. Were we so to hold, the vice in such ruling would readily become apparent. It would permit zealous prosecutors to review the history of the accused, from cradle to the trial, upon the mere statement of his counsel, inadvertent or designed, that he was a man of good character, and once convicted a fair trial would no longer be open to him as a means of repelling false accusations.

Reversed and remanded for new trial, consistent herewith.