**UNITED STATES v. GORDON et al.**

No. 8256.

Circuit Court of Appeals, Seventh Circuit.

Oct. 9, 1943.

Writ of Certiorari Denied Dec. 13, 1943.

See 64 S.Ct. 266.

Lloyd T. Bailey, of Chicago, Ill., for appellants.

Wm. J. Connor and J. Albert Woll, U. S. Atty., both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from a judgment of conviction tried by the court without a jury, upon an indictment charging Mittie Gordon and Seon Jones, the appellants, and two other defendants with violating section 34, 50 U.S.C.A. in that, the United States being at war, the defendants entered into a conspiracy to violate section 33, 50 U.S. C.A., by wilfully causing and attempting to cause insubordination, disloyalty, mutiny, and refusal of duty in the military and naval forces of the United States and by obstructing the recruiting and enlistment service of the United States.

The indictment charges that the seditious utterances were made, at various times, at Boulevard Hall in Chicago, Illinois, and were calculated and intended to wilfully cause insubordination, disloyalty, mutiny, and refusal of duty in the military and naval forces and to wilfully obstruct the recruiting and enlistment service of the United States.[1]

From the evidence for the Government it was established that an organization known as the "Peace Movement of Ethiopia" was organized in 1932; that Mittie Gordon was the President General

---

[1] Mittie Gordon was charged with saying on May 31, 1942, the following:

That on December 7th, 1941, one billion black people struck for freedom (referring to the Japanese attack upon Pearl Harbor on December 7th, 1941);

That the Japanese were going to redeem the Negroes from the white men in this country;

That the spoils of the United States would be equally divided among Hitler and the Japanese. * * *.

With saying on June 28, 1942, the following:

That it is impossible for America and Britain to win this war;

That great numbers of ours ships are being sunk by U-boats and they (meaning the U-boats) are glad to see these ships leave the shore with full cargoes;

That the United States Government was claiming to have sunk more ships than they really did;

That they (meaning the United States Government) wouldn't dare give out the facts about it ("it" meaning losses);

That they (meaning the United States Government) were losing more boats than they claimed.

With saying on August 2, 1942, the following:

That the members of this organization (the organization above referred to meaning the Peace Movement of Ethiopia) are not citizens of the United States;

That they are citizens of Liberia;

That they had no flag except the flag of Liberia;

That because they have no flag they owe no allegiance to the United States;

That when the Japanese bombed Pearl Harbor they wrought vengeance against the United States for the injustices that were visited upon her;

That you (meaning members of her organization) should not fight for the United States because there is nothing worth fighting for here.

And with saying on August 30, 1942, the following:

That the only hope for the American Black Man is Liberia;

That they (meaning the Peace Movement of Ethiopia) were going back to Liberia regardless of whether they had to spill blood to do it;

That the greater the Japanese victories, the less victims for us to deal with;

That the stories the Americans were putting out about losing so few American soldiers in the Pacific Theatre of War are lies.

Seon Jones is charged with saying on August 21, 1942, the following:

And now is the time for the Negroes to act; because if they wait until after the war, they will be back in slavery again; but if they act wisely, they will free themselves now and they will be free and it wouldn't be very long.

176

of the Movement; that Seon Jones was a member of the organization, President of Local No. 1, Chairman of the meetings, and had sole authority to select the speakers and the subjects upon which they were to speak; and that Jones introduced Mittie Gordon to the audiences and was in accord with everything she said at the meetings. There was also evidence on behalf of the Government consisting of the testimony of several witnesses who had attended various meetings of a large number of persons, some of whom were liable for military service in the armed forces of the United States under the provisions of the Selective Training and Service Act, 50 U.S.C.A.Appendix § 301 et seq., tending to prove that the appellants made the remarks charged to them and clearly establishing a violation of the Act. Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470, and Coldwell v. United States, 1 Cir., 256 F. 805.

The appellants argue that even if the utterances were made and constitute the offense of sedition, the mere fact that they were associated together and were members of the "Peace Movement of Ethiopia" is not such evidence from which conspiracy can be reasonably inferred.

■ The essence of the crime of conspiracy is two or more persons combining and confederating with the intent and purpose of committing a public offense by doing an unlawful act or doing a lawful act in an unlawful manner. It is seldom capable of proof by direct testimony and may be inferred from the things actually done. It is enough if the minds of the parties meet and unite in an understanding way with the single design to accomplish a common purpose, which may be established by circumstantial evidence or by deduction from facts from which the natural inference arises that the overt acts were in furtherance of a common design, intent and purpose. The common design is the essence of the crime, and this may be made to appear when the parties steadily pursue the same object, whether acting separately or together, by common or different means, but ever leading to the same unlawful result. If the parties act together to accomplish something unlawful, a conspiracy is shown. Eastern States, etc., v. United States, 234 U.S. 600, 34 S.Ct. 951, 58 L.Ed. 1490, L.R.A. 1915A, 788; Allen v. United States, 7 Cir., 4 F.2d 688; Martin v. United States, 10 Cir., 100 F.2d 490; and Eley v. United States, 6 Cir., 117 F.2d 526.

■ We have already noted that Jones acted as Chairman of the meetings, that he had sole authority to select the speakers and the subjects upon which they were to speak, and that he was in accord with everything that Mittie Gordon said at the meetings. Under such circumstances, we believe there was substantial evidence from which the trial court was warranted in concluding that each appellant was a party to, and knowingly participated in, the conspiracy. United States v. Pelley, 7 Cir., 132 F.2d 170; Stilson v. United States, 250 U.S. 583, 589, 40 S.Ct. 28, 63 L.Ed. 1154.

Finally, it is urged that the trial court committed reversible error in admitting certain letters and documents written by Mittie Gordon, similar to those set out in the indictment. This evidence was admitted upon the theory that it tended to show the intent with which she spoke the words charged. The introduction of such evidence, it is argued, was prejudicial to appellant Jones.

■■ The law is now well settled that prior utterances, statements and declarations are admissible when properly restricted to showing the intent of the individual making them, Kirchner v. United States, 4 Cir., 255 F. 301; Schoborg v. United States, 6 Cir., 264 F. 1; and United States v. Pelley, 7 Cir., 132 F.2d 170. In

---

With saying on August 30, 1942, the following:

That the United States soldiers did not have food; that they did not have ammunition; that the soldiers were fighting in water and mud up to their waist and that they would soon give up;

That the newspapers were reporting lies when they reported that the Allies were winning this war, because the Allies are not winning; they can't win, they never will win, and that the Japanese will win.

With saying on September 6, 1942, the following:

That the Negroes should not go away and do their fighting; they shouldn't register for the draft and fight for something they haven't got;

That the Negroes should not fight the Japs because the Japanese are not fighting us (meaning the Negroes); that the Negroes should do their fighting here because the white man is their enemy.

admitting these exhibits the trial court distinctly stated they were not evidence against the other defendants, and that they were admitted only on the question of Mrs. Gordon's intent. Under this state of the record, it was not error to admit them.

The judgment is affirmed.

