UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy W. JOHNE, Defendant-Appellant.

No. 14057.

United States Court of Appeals
Seventh Circuit.

July 31, 1963.

Rehearing Denied Oct. 4, 1963.

Irvin B. Charne, Milwaukee, Wis., for appellant.

Louis W. Staudenmaier, Jr., Asst. U. S. Atty., James B. Brennan, U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and GRANT, District Judge.

SCHNACKENBERG, Circuit Judge.

Roy W. Johne, defendant, has appealed from a judgment of the district court, convicting him on the verdict of a jury, on four counts of an indictment, which charged him with depositing in the United States mail at the Appleton, Wisconsin postoffice, obscene letters, literature and pictures addressed to "Harriet Garner, Box 518, Chassell, Michigan," all of which was declared nonmailable, under 18 U.S.C.A. § 1461. He pleaded not guilty.

The district court sentenced defendant to imprisonment for a period of five years as to count 1, and withheld sentence as to counts 2, 3 and 4, until the receipt of a report from the Bureau of Prisons.

At the trial it appeared from the government's evidence that William H. McGuill, a postal inspector, wrote and sent three letters to defendant, using the pseudonym of "Mrs. Harriet Garner". These letters bore dates of August 24, 1961, September 3, 1961 and September 15, 1961, and were signed respectively, "Harriet Garner", "Yours, H", and

"Love, H". The tenor of these letters is illustrated by the following quotation from the letter of Sepember 3:

"You asked for further dimensions. Well I am 35-20-33. Men always thought I was quite pretty but it has been so long since I have heard a man tell me so. I guess that is true with most married women. I would also appreciate learning more about your dimensions! Ask any questions you like of me and I'll be happy to answer."

Prior to the foregoing events, defendant had written and mailed six letters which were respectively postmarked and addressed, as follows:

Exhibit 3, May 9, 1961 to "P.L.G".
Exhibit 4, May 27, 1961 to "P.L.G".
Exhibit 5, June 14, 1961 to "P.L.G".
Exhibit 6, June 27, 1961, to Joseph L. Bolan, Sr.
Exhibit 7, May 24, 1961 to William A. Bakos.
Exhibit 8, May 27, 1961 to Miss Sally Powers.

Defendant, when testifying at the trial, admitted writing and mailing exhibits 3-8 inclusive.

The material involved in the four counts of the indictment is in evidence and marked exhibits 12, 13, 14, 14A–14I inclusive, and 16. Postmarks thereon show their mailing occurred on September 7, 1961, September 8, 1961, September 13, 1961 and September 19, 1961.

■ 1. Both government counsel and defense counsel agree that this matter, which was deposited in the United States mail, as charged in these four counts, is obscene. We agree.

Defendant has always maintained that he did not write or mail any of this material. The government does not contend that defendant has made any admission or confession to the contrary. Moreover, strangely, the government relies on no evidence, direct or circumstantial, aside from what we have above stated, identifying defendant as the source thereof or the person who mailed the obscene matter. The government offered no expert assistance to the jury such as is usually supplied by producing handwriting and typewriting experts as witnesses.

The government, instead, takes the position that the introduction of exhibits 3-8 inclusive, was proper "to indicate identity or to show a propensity". While admitting in their brief that exhibits 3-8 inclusive "was not a criminal act", nevertheless government counsel insist that these exhibits showed "that the defendant was one whose sensibilities would not be revolted by such an erotic correspondence". The government, having admitted that defendant committed no crime in mailing exhibits 3-8 inclusive, is in no position to rely on United States v. Sebo, 101 F.2d 889, 891 (7 Cir. 1939), which it cites.

We are unimpressed by the argument that a defendant may be imprisoned on a charge of mailing pornographic material by mere proof that such material would not be revolting to him.

■ 2. Faced with this dilemma, the government seeks to establish a similarity between the admitted exhibits 3-8 inclusive and exhibits 12 and 16, referred to in counts 1 and 4 (evidently seeing no similarities involving the material referred to in counts 2 and 3). In their brief, counsel for the government mention only two respects where they claim similarity exists. First, they say there is "frequent use of exclamation points". We have examined the material set forth in the counts of the indictment and find that there are *32* exclamation points. However, the claim of similarity in this respect fails utterly, because an examination of exhibits 3-8 inclusive reveals that altogether they have only *four* exclamation points!

The vague phrase "use of similar phraseology" has not been explained in the government's brief and we find nothing in the exhibits to support it.

■ 3. Still in search of a basis for their use as evidence, government counsel urge that exhibits 3-8 inclusive were admissible as indicating *wrongful intent.*

However, before any question of the nature of the intent of defendant in allegedly placing the exhibits referred to in the indictment in the mail becomes pertinent, it was necessary to prove that he did deposit those exhibits in the mail. Counsel cannot use evidence of intent as proof of the unlawful act of mailing itself. All of the cases cited by counsel on this point have to do with the question of whether or not proof of intent was necessary where certain *acts* of defendant *had been proved*. See Neff v. United States, 105 F.2d 688 (8 Cir. 1939), a Mann Act case; United States v. Gordon, 138 F.2d 174, 176 (7 Cir. 1943), a case of seditious utterances; Rosen v. United States, 161 U.S. 29, 41, 16 S.Ct. 434, 40 L.Ed. 606, a case involving mailing of obscene matter; United States v. Kline, Dist.Ct., Pa., 201 F. 954, which involved a charge of mailing a letter giving information about abortion; Magon v. United States, 9 Cir. (1919) 260 F. 811, a prosecution for seditious speeches and publications, which were proved at a trial in the district court; United States v. Perkins, 6 Cir. (1961) 286 F.2d 150, where, following a jury trial, defendant was convicted on evidence showing that he was engaged in handling obscene matter and specifically had used the mail for that purpose.

4. The government sums up its various theories by saying:

"Quite clearly exhibits 3 through 8 were admissible under one or more of the exceptions to the general rule —as going to prove either knowledge, intent, motive, identity, habit, custom, state of mind or a special propensity. Since these various exceptions grade into one another and since the Trial Court did not state reasons for overruling the objections it is not certain on which exception(s) the ruling was based but this is, of course, not here material."

We are convinced that the case falls within no valid exception urged by the government and that that is probably the reason that its counsel is not certain upon which exception the district court based the reason for its ruling.

With all of the facilities of expert testimony available to the government to establish the authorship (and inferentially the mailing) of the exhibits charged upon, we cannot conscientiously, on the evidence produced against defendant on the trial in the district court, affirm his sentence to prison. We find it unnecessary to consider other grounds for reversal asserted by defendant. On the record as it stands, it is our duty to, and we do hereby, reverse the judgment of the district court.

We appointed attorney Irvin B. Charne of the Wisconsin bar, to represent petitioner in this court. We commend and thank Mr. Charne for the able service he has rendered on behalf of petitioner.

Judgment Reversed.