UNITED STATES of America,
Appellant,

v.

THURMAN, Harvin R.

No. 82-1196.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Aug. 3, 1982.

Decided Aug. 12, 1982.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Section, Jeanne K. Damirgian, Asst. U. S. Atty., Philadelphia, Pa., for appellant.

Daniel M. Preminger, Philadelphia, Pa., for appellee.

Before ALDISERT and WEIS, Circuit Judges, and RE,* Chief Judge.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

The Fugitive Felon Act, 18 U.S.C. § 1073, makes it a federal crime to flee a state to avoid prosecution for a state felony and provides that violators of § 1073 may be prosecuted only in the federal district in which the original state crime was allegedly committed.[1] Under 18 U.S.C. § 2, one who

---

\* Honorable Edward D. Re, Chief Judge, of the United States Court of International Trade, sitting by designation.

1. Section 1073 provides:

   Whoever moves or travels in interstate or foreign commerce with intent either (1) to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees, or which, in the case of New Jersey, is a high misdemeanor under the laws of said State, or (2) to avoid giving testimony in any criminal proceedings in such place in which the commission of an offense punishable by death or which is a felony under the laws of such place, or which in the case of New Jersey, is a high misdemeanor under the laws of said State, is charged, or (3) to avoid service of, or contempt proceedings for alleged disobedi-

   ence of, lawful process requiring attendance and the giving of testimony or the production of documentary evidence before an agency of a State empowered by the law of such State to conduct investigations of alleged criminal activities, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

   Violations of this section may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed, or in which the person was held in custody or confinement, or in which an avoidance of service of process or a contempt referred to in clause (3) of the first paragraph of this section is alleged to have been committed, and only upon formal approval in writing by the Attorney General or an Assistant Attorney General of the United States, which function of approving prosecutions may not be delegated.

aids or abets commission of an offense against the United States is punishable as a principal. The question for decision is whether, when the alleged violation is aiding and abetting flight to avoid prosecution, and the acts of aiding and abetting took place in another district, the defendant must be tried where the principal would be tried. The district court held that under the facts of this case venue was limited to the Eastern District of New York and therefore dismissed a count in an indictment brought in the Eastern District of Pennsylvania. The government has appealed as authorized by 18 U.S.C. § 3731. We affirm.

Two New York City police officers were shot on April 16, 1981, in Queens County as they attempted to stop a van occupied by suspected burglars later identified as James Dixon York and Anthony LaBorde. One officer died, the other suffered serious wounds. After York and LaBorde fled New York, appellee Harvin Thurman allegedly obtained several residences for them in Philadelphia, helped them move their personal effects from one residence to another, provided them with "food, books and newspapers," and transported York from Philadelphia to Virginia. Thurman was charged in a federal indictment filed in the district court for the Eastern District of Pennsylvania with six various counts: conspiracy, 18 U.S.C. § 371 (count one); being an accessory after the fact of unlawful flight, 18 U.S.C. § 3 (counts two and three); misprision of felony, 18 U.S.C. § 4 (counts four and five); and aiding and abetting an unlawful flight, 18 U.S.C. §§ 2(a), 1073 (count six). On Thurman's motion the district court dismissed count six. The government appeals.[2]

Section 1073 specifies that "[v]iolations of this section may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed...." The government concedes that York and LaBorde could be tried on the federal charge only in New York, but it argues that Thurman may be tried in the Eastern District of Pennsylvania, where he is alleged to have aided and abetted York and LaBorde.

The problem before us is solely a question of statutory construction, and our authority is limited: if the statutory language and the legislative intent are plain, the judicial inquiry is at an end. In this case we must read the substantive statute, § 1073, together with the aider and abettor statute, 18 U.S.C. § 2(a).

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

The district judge viewed § 2(a) as controlling:

> [T]hat in effect requires that the aider and abettor must also be tried in the district in which the principal must be tried, and the principals here clearly must be tried in New York, and it is my feeling that this count is not properly in this district.

App. at 22a. Because we believe both § 1073 and § 2(a) are unambiguous, we agree with the district court's analysis.

The legislative history of § 1073 supports our conclusion. The 1934 Senate debate preceding its passage reveals that the purpose of the legislation was to help states fight criminal gangs whose interstate contacts and resources made state prosecution difficult. Senator Robinson spoke of the necessity of having "a witness or other person needed in a criminal prosecution" brought back to the scene of the crime. 78 Cong.Rec. 5736 (1934). Emphasizing that if the person were a member of a gang operation he should be brought back, Senator Copeland provided the following example:

> [S]uppose the witness should flee from Detroit to Columbus, Ohio, and he should be dealt with in the court in Columbus, Ohio, for having committed a felony

---

2. We assume that Thurman will be tried in the Eastern District of Pennsylvania on the remaining five counts, as they were unaffected by the district court's order.

against the United States. The State officials in Detroit would not be benefited at all in the event the witness should be dealt with afterward by the court in Columbus, because he would be outside the State of Michigan, and could not be dealt with anyway by the State of Michigan.

*Id.* at 5737.

The Senate debate indicates that the bill's sponsors were interested in not merely a federal prosecution, but a prosecution in a specific federal district. Although we are quick to admit that the legislative history did not specifically discuss aiders and abettors, we find in the legislative history no indication that Congress would require fleeing witness and felon members of a gang to be returned to the district wherein the state crime allegedly occurred, but nevertheless allow aiding and abetting associates to stay outside the reach of state prosecution.

The government has provided us with a string of citations, apparently to support its proposition that at common law aiders and abettors were tried in the district in which their culpable acts occurred, and therefore that venue in this case may be laid in the Eastern District of Pennsylvania. *See United States v. Buttorff,* 572 F.2d 619, 627 (8th Cir.), *cert. denied,* 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978); *United States v. Kilpatrick,* 458 F.2d 864, 868 (7th Cir. 1972); *United States v. Bozza,* 365 F.2d 206, 221 (2d Cir. 1966); *United States v. Gillette,* 189 F.2d 449, 451–52 (2d Cir.), *cert. denied,* 342 U.S. 827, 72 S.Ct. 49, 96 L.Ed. 625 (1951); *Eley v. United States,* 117 F.2d 526, 528 (6th Cir. 1941). These decisions do not aid the government in this case, however, for although they may be read to hold that venue over aiding and abetting offenses generally is proper either where the substantive offense took place or where the aiding and abetting took place, none of these cases involves § 1073 and its clear legislative intention that venue would properly lie only in one district.[3]

We therefore reject the interpretation urged upon us by the government. Indeed, we are somewhat surprised that the Department of Justice is resisting the prosecution of this defendant in the federal court in New York, in the state where not only the murder occurred but where state authorities potentially have a more than academic interest in this defendant. Moreover, the federal interest in prosecution for offenses committed in the Eastern District of Pennsylvania is vindicated: from the same nucleus of operative facts the government may go forward in prosecuting one count of conspiracy implicating eight overt acts, two counts of accessory after the fact of unlawful flight, and two counts of misprision of felony relating to the unlawful flight.

We conclude that the interpretation urged upon us by the government conflicts with the primary purposes of the venue section of § 1073: to return the felon to the state where the original flight occurred in order to assist state officials in combatting organized crime there, and to vindicate the federal interest in punishing acts committed in the judicial district where the original flight took place. As the court observed in *Lupino v. United States,* 268 F.2d 799, 801 (8th Cir.), *cert. denied,* 361 U.S. 834, 80 S.Ct. 86, 4 L.Ed.2d 75 (1959):

Such flights by perpetrators of crimes against the states are a common means of hindering state justice as is well known and, as it is the federal government which accords the freedom of movement throughout the country that makes the flights possible, it is plainly within the province of that government to regulate this abuse of it. The abuse is against the peace and dignity of the United States and also that of the States.

The government's view of the venue provision of § 1073 conflicts with the clear language of the statutes, the Congressional intent revealed in the legislative history, and desirable public policy favoring state and federal cooperation in the apprehension

---

**3.** Nor is *Hett v. United States,* 353 F.2d 761 (9th Cir. 1966), helpful to the government, for in that case both the principal's state offense and the acts of aiding and abetting took place in the same district.

and prosecution of members of organized crime.

The judgment of the district court will be affirmed.