## ⋆ UNITED STATES *v.* HORNER.

*(District Court, S. D. New York. January 23, 1891.)*

**1. CRIMINAL LAW—DISTRICT OF TRIAL—REMOVAL OF PRISONER.**

Upon an application under section 1014 of the United States Revised Statutes for the removal of a prisoner to another district, for trial upon an indictment there found, upon objection made, the court should look into the indictment, so far as to be satisfied that an offense against the United States is charged, and one that is legally triable in the jurisdiction to which it is sought to remove the prisoner.

**2. SAME—USE OF MAILS FOR LOTTERIES—OFFENSE BEGUN IN ONE DISTRICT AND COMPLETED IN ANOTHER.**

Upon the act of September 19, 1890, amending section 3894, Rev. St., which makes criminal (1) depositing lottery matter in the mails; (3) knowingly causing such matter to be delivered by mail,—an indictment having been found in the southern district of Illinois against the defendant containing five counts, the first four of which alleged such deposit by the defendant at New York, and the last that he, knowingly, caused such matter to be delivered, by mail, to a person in the southern district of Illinois, and that he had previously deposited such matter in the mails in New York, for such delivery, *held*, that the offense charged in the fifth count was not completed except upon the delivery of the prohibited matter in Illinois; that that offense was, therefore, consummated and "committed" there, though begun in New York, and was, therefore, an offense legally triable in Illinois; and that the sixth amendment of the constitution, providing for the trial of offenses within the district where "committed," presented no objection to the removal of the prisoner.

Indictment for Violation of Postal Laws.

*Edward Mitchell*, U. S. Atty., and *Maxwell Evarts*, Asst. U. S. Atty.
*Alfred Taylor* and *Hemans Aaron*, for defendant.

BROWN, J. The defendant having been arrested in this city, and held by a United States Commissioner, upon a charge of violating the statutes forbidding the use of the mails in the lottery business, application is made to me under section 1014 of the Revised Statutes for his removal to the southern district of Illinois for trial under the indictment there found against him for such offenses. Objection to his removal is made on the ground that no offense is charged in the indictment, or, if any, none that is legally triable in that state; that, if any offense is charged in the indictment, it is an offense consisting wholly of acts committed in the state of New York, and cannot, therefore, under the sixth amendment of the United States constitution, be tried in the state of Illinois, but only in the district wherein the offense was committed. I have no doubt that upon such objections it is not only the right but the duty of the court, before the removal of the accused to a distant forum for trial, to look into the indictment so far as to be satisfied that an offense against the United States is charged, and that it is such an offense as may be lawfully tried in the forum to which it is claimed the accused should be removed. *In re Dana*, 7 Ben. 1; *In re Buell*, 3 Dill. 116, 120. On examining the indictment, it is apparent that each of the five counts charges an offense against the United States, in at least general terms. Any defects of form, or objections that might be raised on special demurrer, are not proper to be considered here. All the counts are founded upon the act of congress approved September 19, 1890, which amends section 3894 of the United States Revised Statutes so as to pro-

hibit the carrying or delivery, by mail, of any "letter, postal-card, or circular, concerning any ·lottery, * * * or list of the drawings of any lottery," and then says:

"Any person who shall knowingly deposit or cause to be deposited, or who shall knowingly send or cause to be sent, anything to be conveyed or delivered by.mail in violation of this section, or who shall knowingly cause to be delivered by mail anything herein forbidden to be carried by mail, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a. fine of not more than five hundred dollars, or by imprisonment for not more than one year, or by both such fine and imprisonment, for each offense. Any person violating any of the provisions of this section may be proceeded against by information or indictment, and tried and punished, either in the district at which the unlawful publication was mailed or to which it is carried by mail for delivery according to the direction thereon, or at which it is caused to be delivered by mail to the person to whom it is addressed."

This last provision is not enforceable any further than is compatible with the sixth amendment to the United States constitution, which secures to the accused the right to trial in that district only wherein the offense was committed. Three somewhat different offenses are created by the section above quoted: (1) Knowingly depositing, or causing to be deposited, such forbidden matter in the mails; (2) sending such matter or causing it to be sent by mail; (3) knowingly causing such matter to be delivered by mail. All the counts, I think, describe the matter mailed sufficiently. for the purposes of this application, as prohibited matter within the statute. The first four counts are based entirely upon the first of the above three offenses, viz., knowingly "depositing or causing to be deposited" such prohibited matter in the mails at New York. The fifth and last count charges the third offense, viz., that, within the said southern district of Illinois, the defendant on the 31st of December, 1890, unlawfully did, knowingly, "cause to be delivered by mail" to the person therein named at Belleville, Ill., a prohibited circular, describing it, which it is alleged the defendant on December 29, 1890, did, knowingly, deposit and cause to be deposited in the New York post-office, addressed to her as above stated, and which circular was then and there carried by mail for delivery to her.

The first and second offenses do not require for their completion that the matter deposited in the mails for transmission should be, in fact, transmitted or delivered. All that is required to constitute those offenses is that the prohibited matter should be "knowingly deposited," or "caused to be deposited" in the mails, or "knowingly sent or caused to be sent" to the mails, for the purpose of transmission. And if those offenses are completed at the place where the prohibited matter is deposited or sent for deposit, in the mails, whether the matter be transmitted or not, it may be that, under the constitutional provision invoked, no trial for those particular offenses could be had in any other district. It is not necessary, however, to consider further those two clauses of the statute, or the first four counts of the indictment; for I have no doubt that the last count charges an offense which is not, and cannot be, completed without the delivery of· the matter by mail to the person to whom it is addressed. This offense

consists, under the third clause of the act, in "knowingly causing such prohibited matter to be delivered by mail." It is competent for the law-making power to protect the citizen from the demoralizing or corrupting influence of printed or written matter circulated through the mails, by making criminal any such intentional delivery. That is precisely the ultimate object of the act in question; just as the ultimate object of the punishment for murder is the protection of human life. In cases of murder, it is well settled that a person who, within one territorial jurisdiction, commits murder upon a person within another territorial jurisdiction, as, for instance, by firing a pistol ball across the boundary line between two states, may be tried and convicted in the jurisdiction where the crime is completed by the death of the victim. The voluntary act of firing is in one jurisdiction; it takes effect in another. Without death there is no murder. The crime is consummated in the jurisdiction where the death occurs, and is consequently "committed" there, and may be tried there, although it may also be tried at the place of shooting. Rev. St. § 731. So under the last count in the present case, though the voluntary act began in New York by deposit in the mails, the third offense, viz., "causing the delivery by mail," could not be consummated except by delivery to the person and at the place intended. In whatever way the accused may have caused such delivery to be made, whether by deposit in the mails in New York, or elsewhere, and wherever his voluntary act may have begun, this third offense is not "committed" until the delivery by mail is made. And when such delivery is made, the offense is committed, and committted at the place where the delivery is made in accordance with the intent of the accused, and by his procurement; though it may perhaps also be deemed committed at the place of deposit. The offense stated in the last count is therefore triable in Illinois, under the provisions of the United States constitution, as well as of sections 731 and 3894 of the Revised Statutes as amended. *In re Palliser*, 136 U. S. 257, 10 Sup. Ct. Rep. 1034. However inconvenient it may be to the accused to be removed to a distant tribunal for trial, one who voluntarily makes use of the long arm of the United States mails to inflict an injury at a distant place, has no just reason to complain of being held to answer within the jurisdiction that he has chosen as his field of operations.

The order for removal is granted.