### UNITED STATES v. ROSS et al.
#### No. 4609.

United States Court of Appeals
Tenth Circuit.

June 19, 1953.

---

■■■■■■■■■

Eugene W. Davis, U. S. Atty., Topeka, Kan. (Robert H. Bingham, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellant.

Harold Judson, Studio City, Cal., for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

An indictment containing 82 counts was returned against Ross and Tager in the United States District Court for the District of Kansas. Each count charged that the defendants "did knowingly deposit for mailing at Van Nuys, California, for delivery in the District of Kansas," an envelope containing nonmailable material, as defined in 18 U.S.C.A. § 1461. The trial court dismissed the indictment on the ground that the venue was improperly laid in Kansas and that the court lacked jurisdiction over the offenses charged.

18 U.S.C.A. § 1461 defines nonmailable matter and further provides:

"Whoever knowingly deposits for mailing or delivery, anything declared by this section to be nonmailable * * * shall be fined not more than $5,000 or imprisoned not more than five years, or both."

18 U.S.C.A. § 3237 reads:

"Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

"Any offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail matter moves."

The question presented is whether the offense of knowingly depositing for mailing or delivery anything declared by § 1461, supra, to be nonmailable is completed when the deposit is made, or whether it is a continuing offense. In other words, does the offense involve the use of the mails, as that phrase is used in § 3237, supra?

Section 1461, supra, is based on 18 U.S. C.A. § 334. As originally enacted, § 334 was derived from the Act of June 8, 1872, 17 Stat. 302. The latter act defined nonmailable matter and in part provided:

"Any person who shall knowingly deposit, or cause to be deposited, for mailing or for delivery, any such obscene publication, shall be deemed guilty of a misdemeanor, * * *."

While the statute has been amended from time to time, the provision of the original statute, making it an offense to "knowingly deposit, or cause to be deposited [nonmailable matter], for mailing or for delivery," has not been substantially changed.

The courts which have passed on the question have uniformly held that the offense is complete when the deposit for mailing or delivery is made.[1] A like construction has been placed upon analogous statutes making it an offense to deposit or cause to be deposited for mailing prohibited matter or articles.[2] We are of the opinion that the offense is complete when the deposit is made in the mailing receptacle with the intent or purpose that it shall be carried in the mail and it is not a prerequisite that the

---

1. United States v. Comerford, D.C.W.D. Tex., 25 F. 902, 903; United States v. Grimm, C.C.E.D.Mo.E.D., 45 F. 558, 559; Ackley v. United States, 8 Cir., 200 F. 217, 223.

2. United States v. Sauer, D.C.W.D.Mich., 88 F. 249, 252-253; United States v.

Conrad, C.C.D.W.Va., 59 F. 458, 461–463; United States v. Horner, D.C.S.D. N.Y., 44 F. 677, 678; United States v. Strewl, 2 Cir., 99 F.2d 474, 477; Cf. Horner v. United States, 143 U.S. 207, 12 S.Ct. 522, 36 L.Ed. 266.

nonmailable matter actually move in the mails.

The second paragraph of § 3237 must be read in the light of the Sixth Amendment to the United States Constitution, which provides that the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and District wherein the crime shall have been committed. We think there is a clear distinction between a deposit for mailing or delivery and the use of the mails. The use of the mails continues from the point of deposit to the point of delivery. Crimes involving the use of the mails are therefore continuing crimes, but the unlawful act defined in § 1461 is the deposit for mailing and not a use of the mails which may follow such deposit. That act is complete when the deposit is made and is not a continuing act. It does not involve a use of the mails.

It follows that the judgment should be and it is affirmed.