**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sharon POLLARD, Defendant-Appellant.**

No. 83–5264.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 7, 1983.

Decided Jan. 17, 1984.

Rehearing Denied April 13, 1984.

Charles Dupree (argued), Chattanooga, Tenn., for defendant-appellant.

John W. Gill, Jr., U.S. Atty., John C. Littleton (argued), Asst. U.S. Atty., Chattanooga, Tenn., for plaintiff-appellee.

Before LIVELY, Chief Judge, JONES, Circuit Judge and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

The appellant was convicted for illegally acquiring food stamps in violation of 7 U.S.C. § 2024(b) and appeals, arguing that the district court committed reversible error in its instructions to the jury. The district court charged the jury that the word "knowingly" as used in the instructions "means that the act was done voluntarily and intentionally and not because of mistake or by accident." The district court also instructed the jury that ignorance of the law is no excuse. The defendant requested a charge that she could be convicted only upon a finding that she knew that her acquisition of the food stamps was illegal.

On appeal the government contends that it is immaterial whether she knew that her acquisition was illegal because such knowledge is not an element of the crime. The government argues that the "knowingly" requirement of the statute refers to the defendant's purpose, not to her intent.

7 U.S.C. § 2024(b) (1976) provides in pertinent part:

(b)(1) Subject to the provisions of paragraph (2) of this subsection, whoever knowingly uses, transfers, acquires, alters, or possesses coupons or authorization cards in any manner not authorized by this chapter or the regulations issued pursuant to this chapter shall, if such coupons or authorization cards are of a value of $100 or more, be guilty of a felony.

In *United States v. Marvin*, 687 F.2d 1221 (8th Cir.1982), cert. denied, —— U.S. ——, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983), the court discussed the very issue presented by this case, considering the statutory language, the purpose of the statute and its legislative history. The court concluded that the district court should have charged the jury that the government had to prove "that the defendant knowingly did an act which the law forbids." *Id.* at 1227. The *Marvin* court did not find that the evidence

was insufficient to support a conviction, but that the error consisted of the district court's failure to instruct the jury that the defendant must know he was acting in violation of some law or regulation. The present case is indistinguishable from *Marvin*. We do not find that the evidence is insufficient, but do conclude that the district court erred in failing to give the requested instruction. The Eighth Circuit followed its *Marvin* decision in *United States v. Faltico*, 687 F.2d 273 (8th Cir. 1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 1783, 76 L.Ed.2d 353 (1983), and the Tenth Circuit reached the same conclusion by somewhat different reasoning in *United States v. O'Brien*, 686 F.2d 850 (10th Cir. 1982).

The judgment of the district court is reversed, and the case is remanded for further proceedings.