979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilbur BROWN, Plaintiff-Appellant,
v.
SECRETARY OF THE DEPARTMENT OF THE TREASURY, Defendant-Appellee.
 No. 91-15006.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1992.
Decided Nov. 18, 1992.
 
 1
 Before ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges, and DWYER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff-Appellant Wilbur Brown appeals from the order dismissing his action for wrongful termination from the Department of the Treasury on the ground that his claims were preempted by Title VII. Brown contends that the district court erred in dismissing his action because he was not required to exhaust his claims under Title VII before pursuing an action for violation of his Fifth Amendment due process rights. Brown also contends that the district court's error requires reversal because he has a valid due process claim that is not preempted by the Civil Service Reform Act of 1978, Pub.L. 95-454, 92 Stat. 11 et seq. (codified as amended in various sections of 5 U.S.C.) (CSRA).
 
 I.
 
 4
 On June 27, 1987, Wilbur Brown began work at the United States Mint as a Metal Forming Machine Operator, grade WG-3, serving a one-year appointment. On December 6, 1987, Brown received a new appointment as a Temporary Forming Machine Operator, grade WG-6, which was to expire on December 6, 1988. During his employment, Brown periodically complained to his supervisors about pervasive racial discrimination at the United States Mint.
 
 
 5
 In May, 1988, United States Mint security personnel, having learned that eight years previously Brown had been tried and acquitted of first-degree murder charges, questioned Brown about the murder charges. United States Mint security personnel told Brown that he would immediately have to answer, in writing, a set of written questions regarding the incident. Brown refused.
 
 
 6
 Brown continued his complaints to his superiors about workplace discrimination, and also complained that other employees of the United States Mint, who were actually convicted felons, had never been asked any questions about the crimes for which they had been convicted.
 
 
 7
 On August 17, 1988, the United States Mint terminated Brown for failure to cooperate in the security investigation regarding the murder charges. When Brown was terminated, his supervisor handed him forms for an appeal to the Merit Systems Protection Board (MSPB).
 
 
 8
 Brown appealed his discharge to the MSPB, alleging, inter alia, that his discharge was motivated by racial discrimination. The administrative law judge dismissed the claim, holding that Brown's status as a temporary employee precluded the Board from exercising jurisdiction.
 
 
 9
 Brown then filed a complaint in federal district court. The first four claims for relief alleged that Brown had been discharged because of his race in violation of 42 U.S.C. § 2000e-16 or in retaliation for whistle blowing. The fifth claim for relief alleged a violation of Brown's right to procedural due process and the sixth count sought an equitable remedy--reinstatement--for all claims presented.
 
 
 10
 The district court dismissed the complaint on the ground that Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, provides the sole remedy for racial discrimination in the federal workplace. The court held that Brown's claims, including his due process claim, arose from the same operative facts involving charges of employment discrimination, and were therefore precluded by his failure to exhaust his Title VII administrative remedies. Brown filed a timely notice of appeal to this court.
 
 II.
 
 11
 The existence of jurisdiction is a question of law which we review de novo. United States v. Moncini, 882 F.2d 401, 403 (9th Cir.1989).
 
 
 12
 On appeal, Brown has abandoned his Title VII employment discrimination claims, arguing only that neither Title VII nor CSRA preempts his due process claim against the United States Mint. The Secretary argues that even if Title VII does not preempt Brown's due process claim, the claim must still be dismissed for lack of subject matter jurisdiction because the exclusive remedial scheme of CSRA preempts judicial consideration of any challenge by a federal employee, including an equitable constitutional challenge, to federal personnel decisions.
 
 
 13
 This court "may affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court." Charley's Taxi Radio Dispatch v. SIDA of Hawaii, 810 F.2d 869, 874 (9th Cir.1987). Because we hold that CSRA preempts Brown's claim, we need not reach the question of Title VII preemption.
 
 
 14
 Brown argues, first, that the Secretary initially raised the CSRA preemption argument only in his reply memorandum below, and that therefore this court should refuse to consider it. The argument is meritless. "A party may question the existence of subject matter jurisdiction at any time during the proceedings." Building Material & Dump Truck Drivers, Local 420 v. Traweek, 867 F.2d 500, 505 (9th Cir.1989).
 
 
 15
 Both parties agree that Brown, as a temporary federal employee, is specifically excluded from CSRA's judicial review provisions. Brown argues that because he is without any remedies under CSRA--administrative or judicial--he is outside the ambit of CSRA entirely and cannot be preempted by any of its provisions. The law is to the contrary. The exclusion of a class of federal employees from the judicial review provisions of Chapter 75 of CSRA represents "a clear congressional intent to deny the excluded employees the protections of Chapter 75--including judicial review--for personnel action covered by that chapter." United States v. Fausto, 484 U.S. 439, 447 (1987). Furthermore, the absence of remedies under CSRA is irrelevant to CSRA preemption of judicial review. Saul v. United States, 928 F.2d 829, 839-40 (9th Cir.1991).
 
 
 16
 Brown's argument turns CSRA on its head. He suggests that CSRA's statutory scheme allows temporary employees immediate access to the federal district courts for their unconstitutional discharge claims while permanent employees must seek administrative review through the MSPB for identical claims with judicial review available only in the Federal Circuit. 5 U.S.C. §§ 7513(d), 7703. Brown's logic undermines "the preferred position of certain categories of employees" under CSRA and drains the MSPB of its "primacy ... for administrative resolution of disputes over adverse personnel action." Fausto, 484 U.S. at 449.
 
 
 17
 Brown next argues that even if CSRA applies to him, it preempts only constitutional tort claims for damages (Bivens claims), not constitutional claims seeking equitable remedies such as reinstatement. As Brown acknowledges, this court has already held that CSRA preempts equitable constitutional claims. Saul v. United States, 928 F.2d at 843. Nevertheless Brown urges us to reject Saul as poorly reasoned and adopt the approach of the District of Columbia Circuit, which finds no CSRA preemption of constitutional claims seeking equitable relief. Spagnola v. Mathis, 859 F.2d 223, 229-30 (D.C.Cir.1988).
 
 
 18
 Only an en banc court of this circuit may overrule our precedent absent an intervening Supreme Court decision or act of Congress. United States v. Frank, 933 F.2d 1491, 1500 (9th Cir.), superseded on other grounds, 956 F.2d 872 (9th Cir.1991), cert. denied, 61 U.S.L.W. 3283 (U.S. Oct. 13, 1992) (No. 91-8230); Pratt v. McCarthy, 850 F.2d 590, 593 (9th Cir.1988). As Brown himself recongizes, Saul controls this case. The complaint must be dismissed.
 
 
 19
 AFFIRMED.
 
 
 20
 CYNTHIA HOLCOMB HALL, Circuit Judge, concurring in the judgment.
 
 
 21
 Brown argues in this appeal that neither Title VII nor the Civil Service Reform Act ["CSRA"] preempts his due process claim against the United States Mint. I believe we need not decide the difficult jurisdictional questions that argument raises, nor the applicability here of Saul v. United States, because Brown's due process claim is untenable. See Federal Insurance Co. v. Scarsella Bros. Inc., 931 F.2d 599, 602 (9th Cir.1991) ("Where an appeal presents difficult questions concerning jurisdiction, we may forego the resolution of such issues if the merits of the appeal are insubstantial.") Thus, I would affirm the district court's dismissal for failure to state a claim on the ground that Brown can prove no set of facts in support of his due process claim.
 
 
 22
 In order to establish a claim under the Fifth Amendment Due Process Clause, Brown must show that he had either a liberty or property interest in his continued employment that was subject to procedural protections. He concedes that he did not allege any facts demonstrating that his dismissal from the Mint violated a protected liberty interest. And as a temporary employee specifically subject to summary dismissal at any time, Brown had no entitlement to continued employment at the Mint, and thus has no basis for claiming a protected property interest.
 
 
 23
 I concur in the panel's decision to affirm the district court's dismissal of this action, but on the ground stated above.
 
 
 
 *
 The Honorable William L. Dwyer, District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3