CRAWFORD, Judge
(concurring in part and dissenting in part):
I concur in the majority’s disposition of Issues I and II and in the affirmation of Appellant’s sentence; however, I respectfully dissent from the majority’s treatment of Issue rv.
In addition to the rationale provided in my dissenting opinions in United States v. O’Connor, 58 M.J. 450, 455-59 (C.A.A.F. 2003) (Crawford, C.J., dissenting), and United States v. Martinelli, 62 M.J. 52, 77-87 (C.A.A.F.2005) (Crawford, J., dissenting), my dissent in this case is based on the specific factual aspects of Appellant’s case, briefly discussed below.
APPLICATION OF 18 U.S.C. § 2252A
Because a domestic application of the Child Pornography Prevention Act has been clearly established by the evidence in this case, the question of extraterritorial application of 18 U.S.C. § 2252A need not be addressed.
*173 Prosecution Exhibits 4 and 17 consist of emails to or from Appellant with either attached or embedded photographic images of child pornography. Several of these carry the “banner” of “Yahoo! Mail” or “MSN Hotmail,” both of which are United States corporations whose electronic mail servers are in the United States. Id. See Martinelli, 62 M.J. at 77 (Crawford, J., dissenting); United States v. Kimler, 335 F.3d 1132, 1135 n. 2 (10th Cir.2003)( “In order to send and receive email messages using Hotmail, one must access the Hotmail servers, which are located in Mountain View, California, at www.hotmail.com.”); United States v. Bach, 400 F.3d 622, 625 (8th Cir.2005).
By maintaining accounts with “Hotmail” and “Yahoo! Mail,” Appellant was effectively renting electronic “space” on servers located in the United States, on which he could store images of child pornography — images that he could remotely receive, transmit, or reproduce at will, regardless of his own location at the time. On each such occasion, Appellant was “reaching into” the United States to commit a crime. See United States v. Moncini, 882 F.2d 401 (9th Cir.1989).
APPELLANT’S ACKNOWLEDGMENT OF ACTUAL CHILDREN
The military judge in this case did not include the language struck down by the Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), when she explained the applicable elements and definitions to Appellant. Appellant’s plea sufficiently demonstrates his conviction that the images were of “actual” children.
The record of Appellant’s Care inquiry* leaves no doubt whatsoever that Appellant admitted to trafficking in pornographic images of actual children:
MJ: Now, tell me what these pictures were of, that you received.
ACC: They were pictures of children— pictures of adults and children in sexual acts or children and children in sexual acts.
MJ: So it was either children with adults — children engaging in sexual acts with adults and children engaged in sexual acts with other children, correct?
ACC: Yes, ma’am.
MJ: So, basically, two different categories?
ACC: Yes, ma’am.
MJ: And when you say “sexual acts” do you mean there was oral to genital or genital to genital contact?
ACC: Oral to genital penetration, anal penetration, genital to genital.
MJ: Okay. And do you believe these pictures were of sexually explicit conduct?
ACC: Yes, ma’am, I do.
MJ: And when you say “children,” do you mean children under the age of 18?
ACC: Yes, ma’am.
MJ: Did you know what images you were sending out?
ACC: Yes, I did, ma’am.
MJ: So you knew these images were of sexually explicit conduct involving minors?
ACC: Yes, ma’am, I did.
MJ: And these computer discs, you believe, contained images of the same type of child pornography you’ve described to me previously?
ACC: Yes, ma’am.
MJ: In other words, child/child sexual acts and child/adult sexual acts?
ACC: Yes, ma’am.
MJ: And what would you ask them?
ACC: I would ask them to send me sexual photographs of young girls between certain ages.
*174 MJ: Like what ages?
ACC: Between three years old and twelve, ----
Based on the prosecution exhibits, and the plea inquiry, I dissent from the majority’s holding as to Issue IV.

 United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969).