# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## John W. HUGHES, Jr.,
### Boatswains Mate Third Class (E-4), U.S. Coast Guard Reserve

## CGCMG 0194

## Docket No.  1205

## 30 December 2005

General Court-Martial convened by Commander, Coast Guard Maintenance and Logistics Command Atlantic.  Tried at New Orleans, Louisiana, on 15-17 October 2003.

| | |
|---|---|
| Military Judge: | COL Debra L. Boudreau, USA |
| Trial Counsel: | LT Patrick M. Flynn, USCG |
| Assistant Trial Counsel: | LCDR Monica L. Lombardi, USCG |
| Civilian Defense Counsel: | David R. Daniels, Esquire |
| Detailed Defense Counsel: | LT Elizabeth A. Rosso, JAGC, USNR |
| Appellate Defense Counsel: | LT Patrick J. Grace, USCG |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

### BEFORE
### PANEL ONE
### BAUM, KANTOR, & FELICETTI
Appellate Military Judges

FELICETTI, Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of violating 18 U.S.C. § 2252A by knowingly possessing child pornography that had been transported in interstate or foreign commerce, in violation of Article 134, Uniform Code of Military Justice (UCMJ).  The military judge sentenced Appellant to a bad-conduct discharge, a reduction to the rate of E-1, forfeiture of all pay and allowances, and confinement for eight months.  The Convening Authority approved the sentence as adjudged.  The pretrial agreement had no effect on the sentence.

Before this Court, Appellant has assigned three errors: (1) that the Government lost personal jurisdiction over him when it failed to take steps within a reasonable period of time to bring him to trial; (2) that the chain of custody of the laptop and compact discs was not maintained, rendering the evidence unreliable; and (3) that Appellant's plea was improvident because the Child Pornography Protection Act (CPPA), 18 U.S.C. § 2252A, does not apply extraterritorially.

Appellant raised the third assignment of error after our higher Court's decision in *United States v. Martinelli* holding that the CPPA, 18 U.S.C. § 2252A, does not have extraterritorial application. *United States v. Martinelli*, 62 M.J. 52, 53-54 (C.A.A.F. 2005). This third assignment of error is controlling and will be discussed. Our decision with respect to this assignment moots the first and second assignments of error.

## Facts

Appellant enlisted in the Coast Guard Reserve on 6 October 2000 for a period of eight years. He was ordered to active duty on 20 March 2002 and deployed with his unit to Bahrain for port security duties as part of Operation Southern Watch. Prior to this deployment, while within the United States, Appellant ran a program called "WinMX" to search the internet for pornography and to download it to his personal computer. The search terms he used to locate images included the phrases "school girls," "Lolita teen," and "illegal porn." He obtained a significant amount of pornography and stored much of it on laptop computers, a removable hard drive, or CD's.

Conflicting evidence was presented at trial as to when Appellant obtained actual knowledge that he had downloaded child pornography during these internet searches. According to a sworn pretrial statement admitted during the pre-sentencing portion of the trial, he received and intentionally downloaded some images of child pornography. His actual knowledge was based on file names such as "child porn" and direct observation of some images. On five or six occasions, Appellant intentionally downloaded images of child pornography within the United States, knowing it was unlawful to do so. He retained some of these images on the computers

and CD's transported to Bahrain.  Other child pornography images, however, were downloaded by accident and not observed by Appellant until after he arrived in Bahrain.

According to Appellant's providence inquiry testimony, he never downloaded child pornography on purpose.  He, therefore, did not know he possessed any such images until first viewing them in Bahrain.  This issue, however, was not significant at the time of trial since Appellant was charged with knowingly possessing the images in Bahrain.  The conflict with the sworn pretrial statement was not addressed during the providence inquiry, nor did it cause the military judge to reopen that inquiry.

On or about May 2002, an investigation began into Appellant's alleged possession of child pornography in Bahrain.  Appellant was relieved of his normal duties and assigned to a U.S. Navy general labor team.  Eventually, he returned to the U.S. and was assigned to the Integrated Support Command (ISC) New Orleans where he remained on continuous active duty until the date of trial, 15 October 2003.

### Assignment III

Appellant pled guilty to possessing child pornography while deployed to Bahrain, in violation of the CPPA, 18 U.S.C. § 2252A, under clause three of Article 134, UCMJ.  Appellant asserts that his plea was improvident.  We agree, finding that the record shows a "'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

Our higher Court recently held that the CPPA, 18 U.S.C. § 2252A, does not have extraterritorial application. *United States v. Martinelli*, 62 M.J. 52, 53-54 (C.A.A.F. 2005).  In doing so, however, the Court also stated that jurisdiction over extraterritorial violations of the CPPA is proper if any part of a continuing offense occurred within the United States. *Id.* at 63 (discussing *United States v. Moncini*, 882 F.2d 401 (9th Cir. 1989)).  Under this analysis, U.S. jurisdiction existed in *United States v. Moncini* over the act of mailing child pornography from Italy to the United States, even though the act was lawful in Italy. *Moncini*, 882 F.2d at 403-04.  Additionally, U.S. jurisdiction existed over transmitting child pornography by email from

Germany that "flowed through" a computer server in the United States, even though there was no indication that anyone in the United States received or viewed the images. *Martinelli*, 62 M.J. at 55, 63-64, 77-78. This holding is consistent with the frequently repeated statement that jurisdiction is proper if any part of the offense occurs in the United States. *Martinelli*, 62 M.J. at 63; *United States v. Reeves*, 62 M.J. 88, 93-94 (C.A.A.F. 2005); *United States v. Hays*, 62 M.J. 158, 167 (C.A.A.F. 2005); *Moncini*, 882 F.2d at 403.

The analysis, however, cannot stop with this broad statement that jurisdiction is proper if any part of the offense occurs in the United States. For example, no U.S. jurisdiction existed under the CPPA when individuals in Germany used web-based email accounts located on computers in the United States to receive child pornography. There was no domestic aspect of the offense even though the images passed through computers in the United States, resided or were stored on computers in the United States, or were reproduced on computers in the United States before being transmitted to Germany. *Martinelli*, 62 M.J. at 64, 77-78; *Reeves*, 62 M.J. at 94, 98.

Additionally, our higher Court has provided inconsistent guidance on the importance of how the charges describe the location of the alleged misconduct. U.S. jurisdiction may be precluded if the accused is charged exclusively with overseas misconduct. *See Hays*, 62 M.J. at 167. Under such circumstances, the Court need not even consider other facts establishing that the relevant emails were sent from web-based email servers located in the United States. *Id.* at 167, n. 1, 173. On the other hand, the CPPA may sometimes apply to a "sending" charge based solely on overseas conduct because the relevant images flowed through computers in the United States. *Martinelli*, 62 M.J. at 63-64.

In short, the broad language that U.S. jurisdiction is proper if any part of a CPPA offense occurs in the United States is currently dicta. The CPPA offense must be factually complete and then continue into the United States. *See Reeves*, 62 M.J. at 94 (no domestic application of CPPA on an overseas receipt offense when images sent from the U.S.); *Hays*, 62 M.J. at 167, 173 (CPPA does not apply to overseas receipt and possession offenses even though pertinent emails were sent through the United States); *Martinelli*, 62 M.J. at 64 (CPPA does not apply to

overseas receipt and possession offenses despite evidence that images flowed through computers in the United States). Thus, the only domestic connection sufficient to establish jurisdiction has been the act of knowingly sending child pornography to the United States, either via mail or to a computer based in the United States. *Martinelli*, 62 M.J. at 63-64; *Moncini*, 882 F.2d at 403.

This case presents the situation where Appellant's CPPA possession offense began in the United States and continued overseas. However, Appellant was only charged with possession of the child pornography in Bahrain.

Appellate Defense Counsel concedes that a domestic application of the CPPA is appropriate if Appellant fully satisfied all elements of the offense before leaving the United States, but disputes Appellant knowingly possessed the images before arriving in Bahrain. The record, taken as a whole, supports that Appellant knowingly possessed at least some of the images in the United States. Appellant, however, testified to the contrary during the applicable portion of the providence inquiry. Despite the conflicting evidence introduced at the pre-sentencing portion of the trial, we evaluate the plea under the theory accepted during the providence inquiry – that is, Appellant did not knowingly possess the child pornography until he viewed it in Bahrain.

Given Appellant's testimony, it is clear that some part of the offense occurred in the United States. Appellant's domestic acts, however, were not unlawful since he did not knowingly possess the child pornography. This case is, therefore, most analogous to the situations in *Martinelli*, *Reeves*, and *Hays* where overseas service members received and possessed child pornography from computers within the United Sates. In each case, the accused searched for, or actively sought, child pornography with every reason to expect its receipt. Yet, our higher Court found no domestic application of the CPPA, notwithstanding the statement that U.S. jurisdiction is proper if any part of the offense occurs in the United States. *Martinelli*, 62 M.J. at 63; *Reeves*, 62 M.J. at 93-94; *Hays*, 62 M.J. at 167. We are bound to follow these holdings and, therefore, find that Appellant pled guilty to a charge and specification over which there was no jurisdiction. Thus, Appellant's guilty plea is improvident.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. The findings of guilty and the sentence, as approved below, are set aside, and the record of trial is returned to the Judge Advocate General for appropriate action.

Chief Judge BAUM and Judge KANTOR concur.



For the Court,


Jane R. Lim
Clerk of the Court