**UNITED STATES of America, Plaintiff–Appellee**

v.

**Ernest Paul LAMPERT, Defendant–Appellant.**

No. 06–50103.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2008.*

Filed April 28, 2008.

Becky S. Walker, Esq., Ellyn M. Lindsay, Esq., USLA–Office of the U.S. Attor-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**704**

ney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jerry Sies, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON,** District Judge.

## MEMORANDUM ***

Ernest Paul Lampert ("Lampert") appeals his conviction by guilty plea to one count of securities fraud, arising out of his involvement in a scheme to manipulate the stock price of a company named New Energy which traded on the NASDAQ. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231 over the criminal activity in this case, even though some of the events underlying the scheme took place in Mexico. Section 3231 provides that "district courts . . . shall have original jurisdiction, exclusive of the court of the States, of all offenses against the laws of the United States." Lampert pleaded guilty to violating the laws of the United States, in particular 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b–5. Lampert pleaded unconditionally, and admitted the allegation in the indictment that the scheme occurred "within the Central District of California and elsewhere." Accordingly, his guilty plea "establishe[d] the factual basis for [subject matter] jurisdiction." *See United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987).

Jurisdiction is also proper because it is undisputed that some of the events underlying the fraudulent scheme in fact occurred within the United States. *See United States v. Moncini,* 882 F.2d 401, 402–04 (9th Cir.1989) ("Jurisdiction is proper if the offense, or part of the offense, occurred within the United States."). Furthermore, much of what took place in the United States was significant with respect to the violation, furthered the fraudulent scheme and was material in the sense of directly causing the losses. *See Grunenthal v. Hotz,* 712 F.2d 421, 424 (9th Cir.1983) (adopting subject matter jurisdiction test in a securities fraud action which asks "whether defendant's conduct [that involved the use of instrumentalities of interstate commerce] in the United States was significant with respect to the alleged violation," "whether it furthered the fraudulent scheme" and requiring that "[t]he conduct in the United States" not "be merely preparatory" but rather "be material, that is, directly cause the losses" (internal quotation marks omitted)).

As Lampert's sentencing position papers state, co-schemer Marshall Zolp was in the United States for the duration of the scheme, including during the stock sales; all of the money or proceeds from the stock sales was placed into U.S. bank accounts; all of the communications were made on U.S. telephones, websites and through the U.S. Postal Service; Zolp prepared the false news releases and had

---

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

them distributed while in the United States. Also, all of the corporations involved in this scheme were U.S. corporations owned by U.S. citizens—the victims of the scheme.

Although Lampert signed the plea agreement on August 17, 2005, two days after filing a motion to relieve counsel and proceed pro se, the district court properly found Lampert's plea to be voluntary under Federal Rule of Criminal Procedure 11(b)(2). The plea colloquy amply demonstrates that Lampert understood the nature of the charges, the facts the government intended to prove, the maximum sentence to which he was subject and the constitutional rights he waived by pleading guilty. His plea was knowing and voluntary, and unaffected by his motion to proceed pro se. *See United States v. Kaczynski,* 239 F.3d 1108, 1114 (9th Cir.2001). At sentencing, Lampert thoroughly explained the circumstances of his motion to proceed pro se and his decision to plead guilty, in particular that he agreed to plead guilty once the factual basis of the plea was corrected to accurately reflect his role in the offense of conviction.

**AFFIRMED.**